**CT Corporation**

# Service of Process Transmittal
05/13/2020
CT Log Number 537660528

**TO:**   SERVICEOF PROCESS
CVS Health Companies
1 CVS DR MAIL CODE 1160
WOONSOCKET, RI 02895-6146

**RE:**   **Process Served in District of Columbia**

**FOR:**   CVS Pharmacy, Inc.  (Domestic State: RI)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Frances Clemons, Pltf. vs. John Does, et al., Dfts. // To: CVS Pharmacy, Inc. |
| **DOCUMENT(S) SERVED:** | - |
| **COURT/AGENCY:** | None Specified<br>Case # 2020CA001632B |
| **NATURE OF ACTION:** | Medical Injury |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Washington, DC |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 05/13/2020 at 14:16 |
| **JURISDICTION SERVED :** | District of Columbia |
| **APPEARANCE OR ANSWER DUE:** | None Specified |
| **ATTORNEY(S) / SENDER(S):** | None Specified |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 05/13/2020, Expected Purge Date: 05/18/2020<br><br>Image SOP<br><br>Email Notification,  SERVICEOF PROCESS  service_of_process@cvs.com |
| **SIGNED:**<br>**ADDRESS:** | C T Corporation System<br>155 Federal St Ste 700<br>Boston, MA 02110-1727 |
| **For Questions:** | 800-448-5350<br>MajorAccountTeam1@wolterskluwer.com |

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

**Filed**
**D.C. Superior Court**
**03/09/2020 23:53PM**
**Clerk of the Court**

## IN THE SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

**FRANCES CLEMONS**
832 Eastern Avenue, NE
Washington, DC 20019

     **Plaintiff,**

       **v.**

**CVS Pharmacy, Inc.**
One CVS Drive
Woonsocket, RI 02895

Serve:
          CT Corporation System
          1015 15th Street, NW, Suite 100
          Washington, DC 20005

    and

**JOHN DOES 1-5, ABC CORPORATIONS 6-10,**

     **Defendants.**

**Case No.   2020 CA 001632 B**

**Jury Trial Demanded**

## COMPLAINT

Plaintiff Frances Clemons, by counsel, files this Complaint against Defendant CVS

Pharmacy, John Does 1-5, ABC Corporations 6-10 (collectively "Defendants"), and states as

follows:

## THE PARTIES

1. Plaintiff Frances Clemons is an adult resident of the District of Columbia. At all relevant

   times, Ms. Clemons was a patient/customer of CVS Pharmacy and the defendants named

   herein.

2. Defendant CVS Pharmacy, Inc. ("CVS Pharmacy") is a corporation incorporated in Rhode Island, with headquarters at One CVS Drive, Woonsocket, RI 02895. CVS Pharmacy business of owning, operating and/or managing pharmacies and healthcare facilities, including CVS Pharmacy At all relevant times, CVS Pharmacy was duly licensed to operate pharmacies in the District of Columbia and held itself out as competent and qualified in providing and administering prescription drugs and healthcare services to the public and to Ms. Clemons and willing to comply with the appropriate standard of care for health care providers in its respective field.

3. Defendants John Does 1-5 and ABC Corporation 1-5 are those persons and entities whose relationships to the named Defendants or whose acts or omissions give rise to legal responsibility for the damages incurred by Plaintiff, but whose true identities are presently unknown to Plaintiff. These persons and entities are hereby notified of Plaintiff's intention to join them as defendants if and when additional investigation or discovery reveals the appropriateness of such joinder.

4. Defendants, John Does 1-10, Jane Does 1-10, ABC Corporations I-X, and XXZ Partnerships I-X were, at all relevant times, acting as agents, contractors, servants and/or employees of UMC and, therefore, Defendant UMC and are vicariously liable for negligence of each such defendant.

**JURISDICTION AND VENUE**

5. This court has jurisdiction over this matter pursuant to D.C. Code § 11-921 *et seq.*

6. This court has personal jurisdiction over each defendant pursuant to D.C. Code § 13-423(a)(3) because each defendant engaged in tortious conduct within the District of Columbia which gives rise to the Plaintiff's claims.

7. Plaintiff served all required notices of claims pursuant to D.C. Code § 16-2802.

8. Plaintiff has fulfilled all conditions precedent to filing this lawsuit. To the extent that any condition precedent has not been fulfilled, including any requirement under D.C. Code § 16-2802, Plaintiff requests that the Court waive such condition precedent in the interest of justice, based upon Plaintiff's due diligence to ascertain and serve all persons Defendants and persons entitled to a notice of claim whose conduct is subject to this lawsuit.

## FACTS COMMON TO ALL COUNTS

9. At all relevant times, Defendant CVS Pharmacy owned, operated, managed and/or had as its contractor Defendant CVS Pharmacy No. 1340 located at 845 Benning Road, NE, Washington, DC 20002 ("CVS Pharmacy 1340").

10. At all relevant times, CVS Pharmacy 1340 and the pharmacist on duty who filled and dispensed the wrong medication to Ms. Clemons were each duly licensed to operate pharmacies in the District of Columbia and held themselves out as competent and qualified in providing and administering prescription drugs and healthcare services to the public and to Ms. Clemons and willing to comply with the appropriate standards of care for health care providers and pharmacists in their respective fields.

11. At all relevant times, CVS Pharmacy 1340 was an agent, employee, servant, and/or contractor of Defendant CVS Pharmacy, acting within the scope of its agency and/or employment, and for the benefit of Defendant CVS Pharmacy. Additionally, at all relevant times, the pharmacists, pharmacy technicians, pharmacy managers, and other individuals who were working at CVS Pharmacy 1340 were agents and employees of Defendant CVS Pharmacy acting within the scope of their agency and employment and for the benefit of Defendant CVS Pharmacy.

12. Defendant CVS Pharmacy is vicariously liable under the doctrines of agency, respondeat superior, and apparent agency for the negligence of CVS Pharmacy 1340 and each the individuals who were involved in filling and dispensing the wrong medication to Ms. Clemons, including the pharmacist and pharmacy technician. Defendant CVS Pharmacy is jointly and severally liable to Plaintiff for the negligence described herein.

13. At all relevant times, all licensed and unlicensed healthcare providers and pharmacists who were involved in the process of filling, dispensing and delivering medication to Ms. Clemons, or who otherwise provided pharmacy services and medications to Ms. Clemons as described herein, were agents and employees of CVS Pharmacy and acting within the scope of their agency and employment and for the benefit of Defendant CVS Pharmacy.

14. In March 2017, a physician prescribed Labetalol 200 mg twice per day for Ms. Clemons blood pressure. The prescription was faxed to CVS Pharmacy No. 1340 in D.C. On or about March 4, 2017, CVS Pharmacy and its pharmacist filled and dispensed Lamotrigine 200 mg, which is the wrong medication. CVS and its pharmacist provided instructions with the medication advising Ms. Clemons to take the dispensed Lamotrigine twice a day. As a result of taking Lamotrigine for several days as instructed Lamotrigine, on March 8, 2017, Ms. Clemons began to experience dizziness, fell down the stairs, and suffered serious injuries. Ms. Clemons was particularly susceptible to the side effects of Lamotrigine because of her physical and medical condition. The prescribing information and package insert for Lamotrigine indicates that patients with certain conditions like Ms. Clemons should not take Lamotrigine.

15. Ms. Clemons later presented at the emergency room at Georgetown University Hospital complaining of injures to her head, shoulder and knee, as a result of a fall the previous

evening. The physician at Georgetown examined Ms. Clemons, reviewed her medication history, talked with her primary care physician who prescribed the blood pressure medication, and concluded that CVS Pharmacy dispensed the wrong medication to Ms. Clemons and that Ms. Clemons had been taking the wrong medication. The Georgetown physician diagnosed Ms. Clemons as suffering an adverse reaction to Lamotrigine, which caused her to fall, suffer a closed head injury and a contusion of her right knee.

16. The standard of care requires pharmacies and pharmacist to: (1) safely and accurately fill and dispense medications; (2) protect patients from medication errors; (3) check the prescription for proper drug, dosage and instructions; (4) call the prescriber to clarify the prescription if there are any questions about the occurrence of the prescription; (5) perform a Drug Regimen Review at the time the prescription is filled; (6) provide patients with correct medications; (7) consult with patients and prescribers, and warn patients about, the risks of the medication; and (8) exercise reasonable professional judgment in performing the mandatory DUR of prescriptions and in filling and dispensing medications.

17. Applicable standards of care required CVS Pharmacy and its pharmacist to follow applicable standards of care and exercise reasonable professional judgment in filling and dispensing prescribed medication Ms. Clemons. Defendant CVS Pharmacy, acting through its agents and employees, including the pharmacist who dispensed the medication and CVS Pharmacy 1340, failed to exercise ordinary care and, in addition, breached applicable professional standards of care by providing Ms. Clemons with the wrong medication.

18. As a result of the above-referenced negligence, Plaintiff suffered serious injuries as a result of receiving the Z-Pak, Plaintiff experienced a variety of physical injuries, including but not limited to, swelling of her face, hives, rashes, swelling of her throat and gums, difficulty

swallowing, hoarseness, muscle pain, permanent black eyes, and other permanent disfigurement. She also experienced economic and non-economic damages, including but not limited to lost wages, medical bills, mental anguish and loss of enjoyment of life.

### Count I
### Ordinary and Professional Negligence
### All Defendants

19. All allegations herein are incorporated by reference as if fully set forth herein.

20. At all relevant times, Defendant CVS Pharmacy acted through its agents, servants, and employees, including CVS Pharmacy 1340, the pharmacy pharmacist and pharmacy technician involved in filling and dispensing the wrong medication to Ms. Clemons, who were in turn acting within the scope of their agency and employment and for the benefit of Defendant CVS Pharmacy Inc.

21. At all relevant times, Defendant CVS Pharmacy and its agents and employees owed Ms. Clemons a duty of ordinary care and a duty to follow applicable standards of professional care.

22. The applicable standards of professional care for pharmacies and pharmacist includes the duties to: (1) safely and accurately fill and dispense medications; (2) protect patients from medication errors; (3) check the prescription for proper drug, dosage and instructions; (4) call the prescriber to clarify the prescription if there are any questions about the occurrence of the prescription; (5) perform a Drug Regimen Review at the time the prescription is filled; (6) provide patients with correct medications; (7) consult with patients and prescribers, and warn patients about, the risks of the medication; and (8) exercise reasonable professional judgment in performing the mandatory DUR of prescriptions and in filling and dispensing medications.

23. Defendant CVS Pharmacy and its agents and employees breached applicable professional standards of care by providing Ms. Clemons with the wrong medication.

24. As a direct and proximate cause of Georgetown's negligence, as described herein, Ms. Clemons suffered physical, mental and emotional injuries, disfigurement, deformity, humiliation, embarrassment, inconvenience, lost earnings and other damages to be proven at trial.

WHEREFORE, Plaintiff requests that the Court enter a judgment against Defendants, jointly and severally, as follows: (A) Award Plaintiff compensatory damages and all damages available for Defendants' negligence in an amount to be determined at trial, in excess of $100,000, plus interest and costs; (B) Award such other relief as the Court deems just and proper.

### DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial on all claims so triable.

Date:  March 8, 2020                    Respectfully submitted,

                                        /s/
                                        _____
                                        Jalil D. Dozier, Esq. (Bar No. 1015589)
                                        Ryan C. Weir, Esq. (Bar No. 1023495)
                                        **DOZIER LAW FIRM | PLLC**
                                        717 D Street, NW, Suite 300
                                        Washington, DC 20004
                                        202-627-6818 – Telephone
                                        202-595-0418 – Facsimile
                                        jdozier@dozierpllc.com
                                        rweir@dozierpllc.com
                                        *Counsel for Plaintiff*



**SUPERIOR COURT OF THE DISTRICT OF COLUMBIA**
**CIVIL DIVISION**
**Civil Actions Branch**
**500 Indiana Avenue, N.W., Suite 5000, Washington, D.C. 20001**
**Telephone: (202) 879-1133 • Website: www.dccourts.gov**

FRANCES CLEMONS
    Vs.                                    C.A. No.     2020 CA 001632 B
CVS PHARMACY, INC.

## INITIAL ORDER AND ADDENDUM

Pursuant to D.C. Code § 11-906 and District of Columbia Superior Court Rule of Civil Procedure ("Super. Ct. Civ. R.") 40-I, it is hereby **ORDERED** as follows:

(1) Effective this date, this case has assigned to the individual calendar designated below. All future filings in this case shall bear the calendar number and the judge's name beneath the case number in the caption. On filing any motion or paper related thereto, one copy (for the judge) must be delivered to the Clerk along with the original.

(2) Within 60 days of the filing of the complaint, plaintiff must file proof of serving on each defendant: copies of the summons, the complaint, and this Initial Order and Addendum. As to any defendant for whom such proof of service has not been filed, the Complaint will be dismissed without prejudice for want of prosecution unless the time for serving the defendant has been extended as provided in Super. Ct. Civ. R. 4(m).

(3) Within 21 days of service as described above, except as otherwise noted in Super. Ct. Civ. R. 12, each defendant must respond to the complaint by filing an answer or other responsive pleading. As to the defendant who has failed to respond, a default and judgment will be entered unless the time to respond has been extended as provided in Super. Ct. Civ. R. 55(a).

(4) At the time and place noted below, all counsel and unrepresented parties shall appear before the assigned judge at an initial scheduling and settlement conference to discuss the possibilities of settlement and to establish a schedule for the completion of all proceedings, including, normally, either mediation, case evaluation, or arbitration. Counsel shall discuss with their clients **prior** to the conference whether the clients are agreeable to binding or non-binding arbitration. **This order is the only notice that parties and counsel will receive concerning this Conference.**

(5) Upon advice that the date noted below is inconvenient for any party or counsel, the Quality Review Branch (202) 879-1750 may continue the Conference **once**, with the consent of all parties, to either of the two succeeding Fridays. Request must be made not less than seven business days before the scheduling conference date.
No other continuance of the conference will be granted except upon motion for good cause shown.

(6) Parties are responsible for obtaining and complying with all requirements of the General Order for Civil cases, each judge's Supplement to the General Order and the General Mediation Order. Copies of these orders are available in the Courtroom and on the Court's website http://www.dccourts.gov/.

                                        Chief Judge Robert E. Morin

Case Assigned to: Judge HEIDI M PASICHOW
Date:  March 9, 2020
Initial Conference: 9:30 am, Friday, June 12, 2020
Location:  Courtroom 516
                500 Indiana Avenue N.W.
                WASHINGTON, DC 20001

## ADDENDUM TO INITIAL ORDER AFFECTING
## ALL MEDICAL MALPRACTICE CASES

In accordance with the Medical Malpractice Proceedings Act of 2006, D.C. Code § 16-2801, et seq. (2007 Winter Supp.), "[a]fter an action is filed in the court against a healthcare provider alleging medical malpractice, the court shall require the parties to enter into mediation, without discovery or, if all parties agree[,] with only limited discovery that will not interfere with the completion of mediation within 30 days of the Initial Scheduling and Settlement Conference ("ISSC"), prior to any further litigation in an effort to reach a settlement agreement. The early mediation schedule shall be included in the Scheduling Order following the ISSC. Unless all parties agree, the stay of discovery shall not be more than 30 days after the ISSC." D.C. Code § 16-2821.

To ensure compliance with this legislation, on or before the date of the ISSC, the Court will notify all attorneys and *pro se* parties of the date and time of the early mediation session and the name of the assigned mediator. Information about the early mediation date also is available over the internet at https://www:dccourts.gov/pa/. To facilitate this process, all counsel and *pro se* parties in every medical malpractice case are required to confer, jointly complete and sign an EARLY MEDIATION FORM, which must be filed no later than ten (10) calendar days prior to the ISSC. D.C. Code § 16-2825 Two separate Early Mediation Forms are available. Both forms may be obtained at www.dccourts.gov/medmalmediation. One form is to be used for early mediation with a mediator from the multi-door medical malpractice mediator roster; the second form is to be used for early mediation with a private mediator. Both forms also are available in the Multi-Door Dispute Resolution Office, Suite 2900, 410 E Street, N.W. Plaintiff's counsel is responsible for eFiling the form and is required to e-mail a courtesy copy to earlymedmal@dcsc.gov. *Pro se* Plaintiffs who elect not to eFile may file by hand in the Multi-Door Dispute Resolution Office.

A roster of medical malpractice mediators available through the Court's Multi-Door Dispute Resolution Division, with biographical information about each mediator, can be found at www.dccourts.gov/medmalmediation/mediatorprofiles. All individuals on the roster are judges or lawyers with at least 10 years of significant experience in medical malpractice litigation. D.C. Code § 16-2823(a). If the parties cannot agree on a mediator, the Court will appoint one. D.C. Code § 16-2823(b).

The following persons are required by statute to attend personally the Early Mediation Conference: (1) all parties; (2) for parties that are not individuals, a representative with settlement authority; (3) in cases involving an insurance company, a representative of the company with settlement authority; and (4) attorneys representing each party with primary responsibility for the case. D.C. Code § 16-2824.

No later than ten (10) days after the early mediation session has terminated, Plaintiff must eFile with the Court a report prepared by the mediator, including a private mediator, regarding: (1) attendance; (2) whether a settlement was reached; or, (3) if a settlement was not reached, any agreements to narrow the scope of the dispute, limit discovery, facilitate future settlement, hold another mediation session, or otherwise reduce the cost and time of trial preparation. D.C. Code§ 16-2826. Any Plaintiff who is *pro se* may elect to file the report by hand with the Civil Actions Branch. The forms to be used for early mediation reports are available at www.dccourts.gov/medmalmediation.

Chief  Judge  Robert  E.  Morin



**Superior Court of the District of Columbia**
**CIVIL DIVISION**
Civil Actions Branch
500 Indiana Avenue, N.W., Suite 5000 Washington, D.C. 20001
Telephone: (202) 879-1133 Website: www.dccourts.gov

**Filed**
**D.C. Superior Court**
**05/08/2020 16:09PM**
**Clerk of the Court**

Frances Clemons
_____
                              Plaintiff
                vs.

CVS Pharmacy, Inc.
_____
                              Defendant

Case Number   2020 CA 001632 B

**SUMMONS**

To the above named Defendant:

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty one (21) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Suite 5000 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within seven (7) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

Jalil D. Dozier
_____
Name of Plaintiff's Attorney

Dozier Law Firm PLLC
_____
Address
717 D Street, NW, Suite 300, Washington, DC 20004

202-627-6818
_____
Telephone

Clerk of the Court

By _____

Date _____05/11/2020_____

如需翻译, 请打电话 (202) 879-4828      Veuillez appeler au (202) 879-4828 pour une traduction      Để có một bài dịch, hãy gọi (202) 879-4828
번역을 원하시면, (202)879-4828로 연락하주십시오      714ነ7ኛ ኛC74ም ለማግኘት: (202) 879-4828  ይደውሉ

IMPORTANT: IF YOU FAIL TO FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, _DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME._

If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (202-628-1161) or the Neighborhood Legal Services (202-279-5100) for help or come to Suite 5000 at 500 Indiana Avenue, N.W., for more information concerning places where you may ask for such help.

See reverse side for Spanish translation
Vea al dorso la traducción al español

CV-3110 [Rev. June 2017]                                                                 Super. Ct. Civ. R. 4





**TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA**
**DIVISIÓN CIVIL**
Sección de Acciones Civiles
500 Indiana Avenue, N.W., Suite 5000, Washington, D.C. 20001
Teléfono: (202) 879-1133 Sitio web: www.dccourts.gov

_____ Demandante

contra

Número de Caso: _____

_____ Demandado

**CITATORIO**

Al susodicho Demandado:

Por la presente se le cita a comparecer y se le require entregar una Contestación a la Demanda adjunta, sea en persona o por medio de un abogado, en el plazo de veintiún (21) días contados después que usted haya recibido este citatorio, excluyendo el día mismo de la entrega del citatorio. Si usted está siendo demandado en calidad de oficial o agente del Gobierno de los Estados Unidos de Norteamérica o del Gobierno del Distrito de Columbia, tiene usted sesenta (60) días, contados después que usted haya recibido este citatorio, para entregar su Contestación. Tiene que enviarle por correo una copia de su Contestación al abogado de la parte demandante. El nombre y dirección del abogado aparecen al final de este documento. Si al demandado no tiene abogado, tiene que enviarle al demandante una copia de la Contestación por correo a la dirección que aparece en este Citatorio.

A usted también se le require presentar la Contestación original al Tribunal en la Oficina 5000, sito en 500 Indiana Avenue, N.W., entre las 8:30 a.m. y 5:00 p.m., de lunes a viernes o entre las 9:00 a.m. y las 12:00 del mediodía los sábados. Usted puede presentar la Contestación original ante el Juez ya sea antes que usted le entregue al demandante una copia de la Contestación o en el plazo de siete (7) días de haberle hecho la entrega al demandante. Si usted incumple con presentar una Contestación, podría dictarse un fallo en rebeldía contra usted para que se haga efectivo el desagravio que se busca en la demanda.

_____
Nombre del abogado del Demandante

_____
Dirección

_____

_____
Teléfono

*SECRETARIO DEL TRIBUNAL*

Por: _____
                    Subsecretario

Fecha _____

如需翻译，请打电话 (202) 879-4828    Veuillez appeler au (202) 879-4828 pour une traduction    Để có một bài dịch, hãy gọi (202) 879-4828

[Amharic/other scripts] (202)879-4828    [Korean/other] (202) 879-4828

**IMPORTANTE: SI USTED INCUMPLE CON PRESENTAR UNA CONTESTACIÓN EN EL PLAZO ANTES MENCIONADO O, SI LUEGO DE CONTESTAR, USTED NO COMPARECE CUANDO LE AVISE EL JUZGADO, PODRÍA DICTARSE UN FALLO EN REBELDÍA CONTRA USTED PARA QUE SE LE COBRE LOS DAÑOS Y PERJUICIOS U OTRO DESAGRAVIO QUE SE BUSQUE EN LA DEMANDA. SI ESTO OCURRE, PODRÍA RETENÉRSELE SUS INGRESOS, O PODRÍA TOMÁRSELE SUS BIENES PERSONALES O BIENES RAÍCES Y SER VENDIDOS PARA PAGAR EL FALLO. SI USTED PRETENDE OPONERSE A ESTA ACCIÓN, _NO DEJE DE CONTESTAR LA DEMANDA DENTRO DEL PLAZO EXIGIDO._**

Si desea conversar con un abogado y le parece que no puede pagarle a uno, llame pronto a una de nuestras oficinas del Legal Aid Society (202-628-1161) o el Neighborhood Legal Services (202-279-5100) para pedir ayuda o venga a la Oficina 5000 del 500 Indiana Avenue, N.W., para informarse sobre otros lugares donde puede pedir ayuda al respecto.

Vea al dorso el original en inglés
See reverse side for English original

CV-3110 [Rev. June 2017]                                                      Super. Ct. Civ. R. 4